Bradley Kampas, State Bar No. 111639
Cara Ching-Senaha, State Bar No. 209467
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendant
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUIS GUERRA, JR.,<br>Plaintiff,<br>v.<br>NETFLIX,<br>Defendant. | Case No. C-07-3343 MJJ<br><br>**DEFENDANT NETFLIX, INC.'S ANSWER TO COMPLAINT**<br><br>Complaint filed: June 26, 2007<br><br>No Trial Date Set |

Defendant NETFLIX, INC. ("Defendant") answers Plaintiff LOUIS GUERRA, JR.'S ("Plaintiff") form Employment Discrimination Complaint, filed June 26, 2007, as follows:

1. Defendant admits based on information and belief the allegations in paragraph 1 of the Complaint.

2. Defendant admits that one of its facilities is located at 545 Oakmead Parkway, Sunnyvale, California.

3. To the extent Paragraph 3 consists of legal conclusions, no response is required. Defendant agrees that jurisdiction in federal court in the Northern District of California is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). However, Defendant objects to improper venue on the basis that this case is not properly assigned to the San Francisco branch of this Court. Pursuant to Northern District of California Local Rule 3-2(c), all civil actions which

arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division, unless excepted; such exception is inapplicable to this case. By responding to the Complaint, Defendant does not in any way waive its objection based on improper venue or intradistrict assignment, nor does Defendant in any way waive its right to move for transfer this matter to the San Jose Division of this Court.

4. Defendant denies each and every allegation in Paragraph 4 of the Complaint.

5. Defendant denies each and every allegation in Paragraph 5 of the Complaint.

6. Defendant denies each and every allegation in Paragraph 6 of the Complaint.

7. Defendant denies each and every allegation in Paragraph 7 of the Complaint.

8. In response to the allegations in Paragraph 8 of the Complaint, Defendant admits, on the basis of information and belief, that on or about March 22, 2007, Plaintiff filed an administrative charge with the United States Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing. However, Defendant denies that Plaintiff alleged discrimination on the basis of race or color or appearance in the charge. Defendant denies each and every remaining allegation contained in Paragraph 8 of the Complaint that is not expressly admitted herein.

9. In response to the factual allegations in Paragraph 9 of the Complaint, Defendant admits, based on information and belief, that the EEOC issued Plaintiff a Notice-of-Right-to-Sue letter. However, Defendant lacks information sufficient to form a belief as to the allegation that Plaintiff received the Notice-of-Right-to-Sue letter on or about March 30, 2007, as alleged, and on that basis, Defendant denies the same. Defendant denies that a copy of the Notice-of-Right-to-Sue letter was attached to the Complaint. Defendant denies each and every remaining allegation contained in Paragraph 9 of the Complaint that is not expressly admitted herein.

10. Paragraph 10 of the Complaint consists of Plaintiff's demand for a jury. Therefore, no response is required.

11. Paragraph 11 of the Complaint consists of Plaintiff's prayer for relief. Defendant denies Plaintiff is entitled to any of the relief prayed for in the Complaint.

\\\

**AFFIRMATIVE DEFENSES**

By way of affirmative defense to the allegations of the Complaint herein, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

As a first affirmative defense to each and every claim, the Complaint fails to state a claim against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

As a second affirmative defense to each and every claim, in the event that Defendant is found to be a proper defendant employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), Plaintiff's claims are barred as to Defendant Netflix because Defendant was not Plaintiff's employer and did not employ Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

As a third affirmative defense to each and every claim, in the event that Defendant is found to be a proper defendant employer within the meaning of Title VII, Plaintiff's claims are barred because all alleged acts and/or omissions committed by Defendant were a just and proper exercise of management discretion and based on legitimate, nondiscriminatory reasons.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth affirmative defense to each and every claim, in the event that Defendant is found to be a proper defendant employer within the meaning of Title VII, the Court has no jurisdiction over all, or part(s) of, the subjects of the claims alleged in the Complaint because Plaintiff failed to exhaust his mandatory administrative remedies pursuant to the processes set forth by the Equal Employment Opportunity Commission under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth affirmative defense to each and every claim, in the event that Defendant is found to be a proper defendant employer within the meaning of Title VII, Defendant is informed and believe and therefore alleges that Plaintiff is barred from recovering any damages, or any recovery of damages must be reduced, by virtue of Plaintiff's failure to exercise reasonable

diligence to mitigate the alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth affirmative defense to each and every claim, in the event that Defendant is found to be a proper defendant employer within the meaning of Title VII, Defendant has, and continues to follow and enforce, a policy prohibiting and seeking to prevent discrimination and retaliation in the workplace. Company policy includes encouraging employees to come forward with complaints of discrimination. Known violators of this policy, including supervisory personnel, subject themselves to remedial and disciplinary measures, including termination. Consequently, Plaintiff's refusal and failure to use these internal mechanisms prior to bringing the present lawsuit bar his claim(s) under the affirmative defense articulated in Burlington Industries v. Ellerth, 118 S. Ct. 2257, 2270 (1998), and Faragher v. Boca Raton, 118 S. Ct. 2275, 2292-93 (1998).

**WHEREFORE,** Defendant prays for judgment as follows:

That Plaintiff takes nothing by the Complaint;

That the Complaint be dismissed in its entirety with prejudice;

That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

For costs of suit incurred herein, including reasonable attorneys' fees; and

For such other and further relief as the Court deems just and equitable.

Dated: 8-17, 2007

Respectfully Submitted,

JACKSON LEWIS LLP

By: [signature]

Bradley W. Kampas
Cara Ching-Senaha
Attorneys for Defendant
NETFLIX, INC.

H:\N\Netflix Inc-Guerra (114259)\Guerra (114259)\Pleadings\Answer to complaint CMC 080107 - FINAL.doc