1 | Bradley Kampas, State Bar No. 111639
2 | Cara Ching-Senaha, State Bar No. 209467
  | JACKSON LEWIS LLP
3 | 199 Fremont Street, 10th Floor
  | San Francisco, California 94105
  | Telephone: (415) 394-9400
4 | Facsimile: (415) 394-9401

5 | Attorneys for Defendant
  | NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| LOUIS GUERRA, JR., | Case No. C-07-3343 MJJ |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND DEFENDANT NETFLIX, INC.'S MOTION FOR INTRADISTRICT TRANSFER TO SAN JOSE DIVISION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |
| v. | |
| NETFLIX, | |
| Defendant. | |
| | [Fed.R.Civ.Proc. 12(b)(3); Civil L.R. 3-2(c), (e), (f)] |
| | Hearing Date: 10/2/2007<br>Hearing Time: 9:30 a.m.<br>Courtroom: 11 |
| | Complaint filed: June 26, 2007 |
| | No Trial Date Set |

1

NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES ISO DFDT NETFLIX, INC.'S MOTION FOR
INTRADISTRICT TRANSFER      Case No. C-07-3343 MJJ

# NOTICE OF MOTION AND DEFENDANT NETLIFX, INC.'S MOTION FOR INTRADISTRICT TRANSFER TO SAN JOSE DIVISION

TO PLAINTIFF PRO SE:

PLEASE TAKE NOTICE THAT on October 2, 2007, at 9:30 a.m., or as soon thereafter as may be heard, in Courtroom 11 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant NETFLIX, INC., appearing for purposes of this motion, will move this Court for an order transferring this matter from the San Francisco Division of the Northern District Court of California ("San Francisco Division") to the San Jose Division of the Northern District Court of California ("San Jose Division").

Defendant NETFLIX, INC. brings this motion for intradistrict transfer pursuant to Fed.R.Civ.Proc. 12(b)(3) and Civil Local Rule 3-2 (c), (e) and (f), based on grounds that this action was improperly filed in the San Francisco District and should have been assigned to the San Jose Division, within the Northern District Court of California.

This motion is based on this Notice and Memorandum of Points and Authorities, the declaration of Charlotte Falla (concurrently filed herewith), and all records and pleadings on file, and on such oral and documentary evidence that may be presented at the hearing.

Dated: August 17, 2007

Respectfully Submitted,

JACKSON LEWIS LLP

By: _____
Bradley W. Kampas
Cara Ching-Senaha
Attorneys for Defendant
NETFLIX, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NETFLIX, INC.'S MOTION FOR INTRADISTRICT TRANSFER TO SAN JOSE DIVISION

## I.   INTRODUCTION

Pursuant to Northern District of California Civil Local Rule 3-2(c) and (e), "all civil actions and proceedings" that arise in the county of Santa Clara "shall be assigned" to "the San Jose Division." L.R. 3-2(c), (e) (emphasis added).

"A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred..." L.R. 3-2(c).

A Judge on his or her own motion, or on the motion of any party, may order such transfer consistent with L.R. 3-2(c), (e). L.R. 3-2(f).

Plaintiff LOUIS GUERRA alleges a single claim for relief, for employment discrimination under Title VII of the Civil Rights Act of 1964. Employment Discrimination Complaint ("Cplt.") at ¶ 3. He alleges that Defendant NETFLIX, INC. discriminated against him when it terminated his employment. Cplt. at ¶ 4. He alleges that he worked for Defendant in Sunnyvale, California. Id. at ¶ 2. In addition, Plaintiff lives in San Jose. Id. at ¶ 1. Defendant NETFLIX's headquarters is located in Los Gatos, California. Declaration of Charlotte Falla, concurrently filed herewith.

Despite the fact that the alleged discrimination occurred in the County of Santa Clara, where NETFLIX does business and where Plaintiff worked, Plaintiff filed suit not in the San Jose Division of this Court, but in the San Francisco Division.

NETFLIX respectfully submits that this matter is not properly assigned to the San Francisco Division. Fed.R.Civ.Proc. 12(b)(3); L.R. 3-2(c), (e), (f). This matter should be transferred to the San Jose Division: (1) because San Jose Division is the proper division; and (2) for the convenience of the parties and to promote the ends of justice.

## II. THIS MATTER SHOULD PROCEED IN THE SAN JOSE DIVISION OF THE NORTHERN DISTRICT OF CALIFORNIA BECAUSE THAT IS WHERE THE ALLEGED CLAIM AROSE.

This Court's Assignment Plan states, in relevant part:

> upon initial filing, <u>all civil actions</u> and proceedings for which this district is the proper venue <u>shall</u> be assigned by the Clerk to a Courthouse serving the county in which the action arises.

L.R. 3-2(c) (emphasis added).

Subject to exceptions inapplicable to this case (e.g., intellectual property actions, capital and noncapital prisoner petitions, etc.), "[a] civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated." L.R. 3-2(c).

Plaintiff alleges that he worked for NETFLIX in Sunnyvale, California. Cplt. at ¶ 2. Therefore, this matter arises in Santa Clara County. L.R. 3-2(c).

"Except as provided in Civil L.R. 3-2(c), <u>all civil actions which arise in the counties of Santa Clara</u>, Santa Cruz, San Benito or Monterey <u>shall be assigned to the San Jose Division</u>." L.R. 3-2(e) (emphasis added). Inexplicably, Plaintiff filed his complaint in San Francisco and this matter was not assigned to the San Jose Division.

> Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule,…the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

L.R. 3-2(f).

Pursuant to L.R. 3-2(f) and the Court's Assignment Plan, *supra*, NETFLIX moves this Court to summarily transfer this matter to the San Jose Division for all further proceedings.

## III. THIS MATTER SHOULD BE TRANSFERRED TO THE SAN JOSE DIVISION FOR THE CONVENIENCE OF THE WITNESSES AND TO PROMOTE THE ENDS OF JUSTICE

As a separate and distinct basis for transfer, Local Rule 3-2(f) provides for intra-district transfers for "the convenience of parties and witnesses and [when] the interests of justice will be served by transferring the action to a different division within the district…"

Here, GUERRA lives in San Jose. Cplt. at ¶ 1. In addition, the Complaint refers to four witnesses, all of whom allegedly worked in NETFLIX's Sunnyvale facility. *See, e.g.,* Cplt. at ¶¶ 4, 5. In addition, NETFLIX's headquarters is located in Los Gatos, California. Declaration of Charlotte Falla, concurrently filed herewith.

Therefore, Santa Clara County plainly is the most convenient and appropriate forum for the parties and witnesses.

The ends of justice would also be served by holding the trial in this matter in Santa Clara County, where the events are alleged to have occurred and where the parties' and witnesses' involvement occurred. Travel and time costs would be less, resulting in a more efficient trial. Therefore, the burden on witnesses will be less if the matter is transferred to the San Jose Division.

For this reasons, it would serve the interests of justice and the convenience of the parties to transfer Plaintiff's claim to the San Jose Division.

## IV. CONCLUSION

This Court's Assignment Plan, Civil Local Rules 3-2(c), (e) and (f), convenience of the parties and witnesses, and interests of justice all require that this matter proceed where Plaintiff is alleged to have worked, where the alleged discrimination is claimed to have occurred, where Plaintiff lives, and where NETFLIX is located – the County of Santa Clara.

Accordingly, NETFLIX moves this Court to transfer this matter from the San Francisco Division of the Northern District of California to the San Jose Division of the Northern District of California.

Dated: August 17, 2007

Respectfully Submitted,

JACKSON LEWIS LLP

By: _____
Bradley W. Kampas
Cara Ching-Senaha
Attorneys for Defendant
NETFLIX, INC.

H:\N\Netflix Inc-Guerra (114259)\Guerra (114259)\Pleadings\Motion for Transfer (Intradistrict)\Motion to Transfer - MPA CMC 081407.doc