1  Louis Guerra, Jr.
2  1533 Foxdale Court
   San Jose, CA 95122
3  Telephone: (408) 550-5106
   *Plaintiff Pro Se*
4

5  Bradley Kampas, State Bar No. 111639
   Cara Ching-Senaha, State Bar No. 209467
6  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
7  San Francisco, California 94105
   Telephone: (415) 394-9400
8  Facsimile: (415) 394-9401
   *Attorneys for Defendant*
9  NETFLIX, INC.

10

11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13
                       SAN FRANCISCO DIVISION
14

15

16 | LOUIS GUERRA, JR.,              | Case No. C-07-3343 MJJ
17 |                  Plaintiff,     |
                                     | JOINT CASE MANAGEMENT
18 |       v.                        | CONFERENCE STATEMENT
19 | NETFLIX,                        | [L.R. 16-9; Standing Order 3/1/2007]
20 |                  Defendant.     |
                                     | Case Management Conference
21 |                                 | Date: 10/2/2007
                                     | Time: 2:00 p.m.
22 |                                 | Ctrm: 11, 19th Floor
                                     | Judge: Hon. Martin J. Jenkins
23 |                                 |
24 |                                 | Complaint filed: June 26, 2007
25 |                                 | No Trial Date Set

26

27

28
                                     1
   JOINT CASE MANAGEMENT CONFERENCE STATEMENT  Case No. C-07-3343 MJJ

Pursuant to the Court's March 1, 2007 Standing Order, and Civil Local Rule 16-9, the parties to the above titled action jointly submit the Case Management Statement.

I. **Jurisdiction and Service**

This court has jurisdiction over this matter under 28 U.S.C section 1331 on the grounds that Plaintiff's claim for relief arises under a law of the United States. All named parties have been served.

II. **Facts**

A. *Plaintiff's Factual Summary*

\*\*\*\*\*\* *I WAS HIRED TO DO A PERFECT JOB FOR MY PRIMARY JOB WAS TAKEN AWAY FROM ME IN A RUDE AND DISCRIMINATORY MANNER AND ITS ALL ON CAMERA AND ALSO IF VOIT IS MY ACTUAL EMPLOYER THAN NETFLIX SHOULD HAVE CALLED YOU TO FIRE ME!*

B. *Defendant's Factual Summary*

Plaintiff worked at Netflix's Sunnyvale location for two days as a temporary employee. He was asked not to return because his performance did not satisfy Netflix's production standards. Defendant treated Plaintiff the same as any other temporary employee. Defendant denies that it discriminated against Plaintiff, or harassed him, based on his race or color, national origin, or disability. Defendant's actions were at all times lawful and justified. Defendant denies it has any liability to Plaintiff, and disputes Plaintiff's claims for damages.

III. **Legal Issues**

A. *Plaintiff's Summary*

\*\*\*\*\*\* ★ *WAS STARED AT, HARASSED, EMBARRASSED, AND TERMINATED IN A DISCRIMINATORY MANNER!*

★ *NETFLIX SHOULD HAVE CALLED VOIT SERVICES TO CALL ME AND TELL ME NETFLIX DOESN'T NEED ME NO MORE! BUT NO THEY TOLD ME GO HOME!*

B. *Defendant's Summary*

- Whether Plaintiff can establish that he satisfied all administrative prerequisites applicable to his claim(s) for relief;

2

JOINT CASE MANAGEMENT CONFERENCE STATEMENT   Case No. C-07-3343 MJJ

- Whether Plaintiff can establish a prima facie case of disability discrimination under the Americans with Disabilities Act;
- Assuming *arguendo* Plaintiff somehow could establish a prima facie case of disability discrimination under the ADA, whether NETFLIX can articulate a legitimate, non-discriminatory reason for the ending of his temporary position on or about February 13, 2007;
- Whether Plaintiff has sufficient evidence to overcome Defendant's legitimate reason for the ending of his temporary position, to prove pretext under the ADA;
- Whether Plaintiff can establish a prima facie case of national origin discrimination under Title VII;
- Assuming *arguendo* Plaintiff somehow could establish a prima facie case of national origin discrimination under Title VII, whether NETFLIX can articulate a legitimate, non-discriminatory reason for the ending of Plaintiff's temporary position on or about February 13, 2007;
- Whether Plaintiff has sufficient evidence to overcome Defendant's legitimate reason, to prove pretext under Title VII;
- Whether Plaintiff can establish a prima facie case of color or race discrimination under Title VII;
- Assuming *arguendo* Plaintiff somehow could establish a prima facie case of color or race discrimination under Title VII, whether NETFLIX can articulate a legitimate, non-discriminatory reason for the ending of Plaintiff's temporary position on or about February 13, 2007;
- Whether Plaintiff has sufficient evidence to overcome Defendant's legitimate reason, to prove pretext under Title VII;
- Causation of Plaintiff's alleged damages;
- The amount of Plaintiff's damages; if any;
- Assuming liability for discrimination, whether punitive damages should be assessed against Defendant; and
- Whether Defendant has sufficient facts to support its alleged affirmative defenses.

Sep 25 07 05:14p  Louis Guerra  408-923-7769  p.5
09/25/2007 17:17 IFAX ecopy@jacksonlewis.com → Reception  005/006

IV. **Motions**

Plaintiff's Position

*[handwritten]* ✱ WHY DIDN'T NETFLIX CALL ME FIRST BEFORE THEY ROOKED ME OUT OF MY [illegible]

✱✱✱✱✱✱ ✱ DON'T UNDERSTAND THIS PART BUT I HAVE WITNESS WHO WILL TESTIFY OR WRITE LETTER STATING RUDE AND UNFAIR TREATMENT

✱ NETFLIX FIRED ME SO SUDDENLY SO THEY COULD PASS OUT FOB KEYS TO THE NEW [illegible]

Defendant's Position

Defendant plans to file a motion for summary judgment or partial summary judgment. *[handwritten: AND WAS TITTY WHATEVER TO KEEP!]*

V. **Amendment of Pleadings**

None planned.

VI. **Evidence Preservation**

Defendant has within its possession hard copies of what it believes are relevant documents.

VII. **Disclosures**

Defendant intends to simultaneously exchange its initial disclosure by mail to Plaintiff on September 25, 2007.

VIII. **Discovery**

Plaintiff's Position

*[handwritten]* ✱ DID NOT ISSUE FOB KEY TO ME

✱✱✱✱✱✱ ✱ HAVE PRINCIPAL STATING THAT I SHOULD HAVE RECEIVED FOB KEY

✱ IS IT NORMAL PROCEDURE TO TELL SOMEONE RUDELY TO GO HOME AFTER DRIVING OVER ALL THE WAY TO WORK AND WASTED GAS

*[handwritten margin: NUMBER NETFLIX PROCEDURE IS TO GIVE THEM AN OUT AT 2 AND DAY CENTER]*

Defendant's Position

Given the parties' agreement to participate in an early settlement conference, Defendant proposes that all discovery with the exception of parties' simultaneous initial disclosures be suspended until after the early settlement conference.

If this matter does not resolve at or before the early settlement conference, Defendant intends to propound standard discovery. As discovery is just beginning, the number of necessary

4

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No. C-07-3343-MJJ

| | |
|---|---|
| 1 | depositions is unknown. However, Defendant anticipates at this time that the number of |
| 2 | depositions will be within the presumptive limit. |
| 3 | Except as stated above, Defendant does not propose any change to the timing, form or |
| 4 | scope of discovery at this time. |
| 5 | The parties participated in a Rule 26(f) conference on September 10, 2007. |

IX. **Class Actions**

None.

X. **Related Cases**

None.

XI. **Relief**

**Plaintiff's Position**

*******

[Handwritten: On my Civil Cover Sheet I did not state a amount because I thought I was receiving counsel through US District Court, but I was denied him! I believe I deserve something like $75,000 for wrongful termination and discrimination]

**Defendant's Position**

Defendant contends that its actions were at all times justified and lawful. Defendant denies it has acted wrongly or unlawfully in any way and further denies any and all claims for damages.

XII. **Settlement and ADR**

The parties have met and conferred on ADR, and have agreed to participate in an early settlement conference. Accordingly, the parties request an ADR phone call in order to schedule an early settlement conference.

XIII. **Consent to Magistrate Judge For All Purposes**

The parties do not consent to a magistrate judge for all purposes.

XIV. **Other References**

The case is not suitable for non-binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

XV. **Narrowing of Issues**

5

1  None at this time.
2  XVI. **Expedited Schedule**
3  The case is not suitable for expedited procedures.
4  XVII. **Scheduling**
5  Plaintiff's Position
6  ****** *NO OPPOSITION TO SCHEDULING*
7
8  Defendant's Position
9  Defendant proposes that sufficient time be permitted for the parties to engage in ADR, discovery and dispositive motions, before trial. Defendant proposes the following schedule:

| | | |
|---|---|---|
| a. | Discovery cut-off: | February 2008 |
| b. | Dispositive motion hearing cut off: | April 2008 |
| c. | Pretrial Conference: | April 2008 |
| d. | Trial: | June 2008 |

XVIII. **Trial**

Plaintiff's position: ****** *NO OPPOSITION TO THIS PART*

Defendant anticipates trial will take 1 day.

XIX. **Disclosure of Non-party Interested Entities or Persons**

NETFLIX, INC. states that the following non-party may have an interest in the outcome:
Volt Information Sciences, Inc.
Corporate Headquarters
560 Lexington Avenue, 15th Floor
New York, NY 10022

(Volt Informational Sciences, Inc. is a temporary staffing agency who was Plaintiff's actual employer.)

Dated: September 25, 2007

By: /s/ Louis Guerra, Jr.
Louis Guerra, Jr.
*Plaintiff Pro Se*

Dated: November 20, 2007

Respectfully Submitted,

JACKSON LEWIS LLP

By: ___/s/___
Bradley W. Kampas
Cara Ching-Senaha
*Attorneys for Defendant*
NETFLIX, INC.

H:\N\Netflix Inc-Guerra (114259)\Guerra (114259)\Pleadings\Joint Case Mgmt Conf Stmt CMC 091407.doc

---
7

JOINT CASE MANAGEMENT CONFERENCE STATEMENT  Case No. C-07-3343 MJJ