Louis Guerra, Jr.
1533 Foxdale Court
San Jose, CA 95122
Telephone: (408) 550-5106
*Plaintiff Pro Se*

Bradley Kampas, State Bar No. 111639
Cara Ching-Senaha, State Bar No. 209467
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
*Attorneys for Defendant*
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUIS GUERRA, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>NETFLIX,<br><br>    Defendant. | Case No. C-07-3343 MJJ<br><br>***AMENDED* JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>[L.R. 16-9; 9/24/2007 Court Order]<br><br>Initial Case Management Conference<br>Date: 12/3/2007<br>Time: 10:00 a.m.<br>Ctrm: Courtroom 8, 4th Floor<br>Location: USDC Northern - San Jose<br>    280 S. First Street<br>    San Jose, California<br>Judge: U.S.D.C. Judge James Ware<br><br>Complaint filed: June 26, 2007<br><br>No Trial Date Set |

1

*AMENDED* JOINT CASE MANAGEMENT CONFERENCE STATEMENT   Case No. C-07-3343 MJJ

11/23/2007 14:28 IFAX ecopy@jacksonlewis.com → Reception ☐002/004
Nov 23 07 02:26p Louis Guerra 408-923-7769 p.2
Case 5:07-cv-03343-JW Document 25 Filed 11/26/2007 Page 2 of 8

Pursuant to the Court's March 1, 2007 Standing Order, and Civil Local Rule 16-9, the parties to the above titled action jointly submit the Case Management Statement.

I. **Jurisdiction and Service**

This court has jurisdiction over this matter under 28 U.S.C section 1331 on the grounds that Plaintiff's claim for relief arises under a law of the United States. All named parties have been served.

II. **Facts**

A. Plaintiff's Factual Summary - NETFLIX FAILED TO FOLLOW PROPER PROCEDURE! ****** I WAS HIRED TO DO A PERFECT JOB FOR MY DISABILITY BUT WAS TAKEN AWAY FROM ME IN A RUDE AND DISCRIMINATORY MANNER AND ITS ALL ON CAMERA, AND ALSO IF VOLT IS MY ACTUAL EMPLOYER THAN NETFLIX SHOULD HAVE CALLED VOLT TO FIRE ME INSTEAD OF TELLING ME TO GO HOME!

B. Defendant's Factual Summary

Plaintiff worked at Netflix's Sunnyvale location for two days as a temporary employee. He was asked not to return because his performance did not satisfy Netflix's production standards. Defendant treated Plaintiff the same as any other temporary employee. Defendant denies that it discriminated against Plaintiff, or harassed him, based on his race or color, national origin, or disability. Defendant's actions were at all times lawful and justified. Defendant denies it has any liability to Plaintiff, and disputes Plaintiff's claims for damages.

III. **Legal Issues**

A. Plaintiff's Summary - I HAVE THE ENVELOPE DATED 3/27/07 FROM EEOC
****** ☆ WAS STARED AT, HARASSED, EMBARASSED, AND TERMINATED IN A DISCRIMINATORY MANNER!!
☆ NETFLIX SHOULD HAVE CALLED VOLT SERVICES TO CALL ME AND TELL ME NETFLIX DOESN'T NEED ME NO MORE! BUT NO THEY TOLD ME GO HOME!

B. Defendant's Summary

- Whether Plaintiff can establish that he satisfied all administrative prerequisites applicable to his claim(s) for relief;

11/23/2007 14:28 IFAX ecopy@jacksonlewis.com → Reception ☒003/004
Nov 23 07 02:26p Louis Guerra 408-132-2008 p.3
Case 5:07-cv-03343-JW Document 25 Filed 11/26/2007 Page 3 of 8

- Whether Plaintiff can establish a prima facie case of disability discrimination under the Americans with Disabilities Act;

- Assuming *arguendo* Plaintiff somehow could establish a prima facie case of disability discrimination under the ADA, whether NETFLIX can articulate a legitimate, non-discriminatory reason for the ending of his temporary position on or about February 13, 2007;

- Whether Plaintiff has sufficient evidence to overcome Defendant's legitimate reason for the ending of his temporary position, to prove pretext under the ADA;

- Whether Plaintiff can establish a prima facie case of national origin discrimination under Title VII;

- Assuming *arguendo* Plaintiff somehow could establish a prima facie case of national origin discrimination under Title VII, whether NETFLIX can articulate a legitimate, non-discriminatory reason for the ending of Plaintiff's temporary position on or about February 13, 2007;

- Whether Plaintiff has sufficient evidence to overcome Defendant's legitimate reason, to prove pretext under Title VII;

- Whether Plaintiff can establish a prima facie case of color or race discrimination under Title VII;

- Assuming *arguendo* Plaintiff somehow could establish a prima facie case of color or race discrimination under Title VII, whether NETFLIX can articulate a legitimate, non-discriminatory reason for the ending of Plaintiff's temporary position on or about February 13, 2007;

- Whether Plaintiff has sufficient evidence to overcome Defendant's legitimate reason, to prove pretext under Title VII;

- Causation of Plaintiff's alleged damages;

- The amount of Plaintiff's damages, if any;

- Assuming liability for discrimination, whether punitive damages should be assessed against Defendant; and

- Whether Defendant has sufficient facts to support its alleged affirmative defenses.

3

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No. C-07-3343 MJJ

<tbody>

<tbody>
<tbody>
</tbody>
</tbody>

<tbody>
<tbody>
</tbody>
</tbody>

<tbody>
</tbody>

<tbody>
<tbody>
</tbody>
</tbody>

<tbody>
</tbody>

<tbody>
</tbody>

<tbody>
</tbody>
</tbody>

11/23/2007 14:28 IFAX ecopy@jacksonlewis.com → Reception ☑004/004
Nov 23 07 02:26p Louis Guerra
Case 5:07-cv-03343-JW   Document 25   Filed 11/26/2007   Page 4 of 8

**IV. Motions**

**Plaintiff's Position**

[Handwritten:] → WHY DIDN'T NETFLIX CALL VOLT FIRST BEFORE THEY RUDELY GOT RID OF ME!

****** [struck through text] I HAVE WITNESS WHO WILL TESTIFY OR WRITE LETTER STATING RUDE AND UNFAIR TREATMENT AND WHEN HE RECEIVED HIS FOB KEY.

★ NETFLIX FIRED ME SO SUDDENLY SO THEY COULD PASS OUT FOB KEYS TO THE NEW EMPLOYEES THEY WANTED TO KEEP!

**Defendant's Position**

Defendant plans to file a motion for summary judgment or partial summary judgment.

**V. Amendment of Pleadings**

None planned.

**VI. Evidence Preservation**

Defendant has within its possession hard copies of what it believes are relevant documents.

[Handwritten:] VI. PLAINTIFF HAS COPIES OF "RIGHT TO SUE LETTER" AND ENVELOPE IT CAME IN DATED 3/27/07

**VII. Disclosures**

[Handwritten:] I HAVE VOLT PAMPHLET STATING I SHOULD HAVE RECEIVED A FOB KEY!

Defendant intends to simultaneously exchange its initial disclosure by mail to Plaintiff on September 25, 2007.

**VIII. Discovery**

**Plaintiff's Position**

[Handwritten:] ※ DID NOT ISSUE FOB KEY TO ME

****** [struck through text]

+ IS IT NORMAL PROCEDURE TO TELL SOMEONE RUDELY TO GO HOME AFTER THEY'VE DRIVE ALL THE WAY TO WORK AND WASTED GAS!

(NORMAL NETFLIX PROCEDURE IS TO GIVE THEM OUT BY 2ND DAY ON JOB)

**Defendant's Position**

Given the parties' agreement to participate in an early settlement conference, Defendant proposes that all discovery with the exception of parties' simultaneous initial disclosures be suspended until after the early settlement conference.

If this matter does not resolve at or before the early settlement conference, Defendant intends to propound standard discovery. As discovery is just beginning, the number of necessary

11/23/2007 14:29 IFAX ecopy@jacksonlewis.com → Reception 001/002
Nov 23 07 02:28p Louis Guerra 408-923-7063 p.1
Case 5:07-cv-03343-JW Document 25 Filed 11/26/2007 Page 5 of 8

1 depositions is unknown. However, Defendant anticipates at this time that the number of
2 depositions will be within the presumptive limit.
3 Except as stated above, Defendant does not propose any change to the timing, form or
4 scope of discovery at this time.
5 The parties participated in a Rule 26(f) conference on September 10, 2007.

6 **IX. Class Actions**
7 None.

8 **X. Related Cases**
9 None.

10 **XI. Relief**
11 Plaintiff's Position

12 ...... *ON MY CIVIL COVER SHEET I DID NOT STATE AN*
13 *AMOUNT, BECAUSE I THOUGHT I WAS RECEIVING*
14 *COUNSEL THROUGH U.S DISTRICT COURT, BUT I WAS*
15 *DENIED HELP! I BELEIVE I DESERVE SOMETHING LIKE*
   Defendant's Position
16 *$ 75,000 FOR WRONGFUL TERMINATION AND DISCRIMINATION*
   Defendant contends that its actions were at all times justified and lawful. Defendant
17 denies it has acted wrongly or unlawfully in any way and further denies any and all claims for
18 damages. *✗ TELLING ME TO GO HOME OVER AND OVER LIKE*
   *I'M SOME LITTLE KID AND NOT TELLING ME WHY*
19 **XII. Settlement and ADR** *IS VERY RUDE AND NOT JUSTIFIED AND LAWFUL )*
20 The parties have met and conferred on ADR, and have agreed to participate in an early
21 settlement conference. Accordingly, the parties request an ADR phone call in order to schedule
22 an early settlement conference.

23 **XIII. Consent to Magistrate Judge For All Purposes**
24 The parties do not consent to a magistrate judge for all purposes.

25 **XIV. Other References**
26 The case is not suitable for non-binding arbitration, a special master or the Judicial Panel
27 on Multidistrict Litigation.

28 **XV. Narrowing of Issues**

5

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No. C-07-3343-MJJ

11/23/2007 14:29 IFAX ecopy@jacksonlewis.com → Reception 002/002
Nov 23 07 02:28p Louis Guerra 408-929-2069 p.2
Case 5:07-cv-03343-JW Document 25 Filed 11/26/2007 Page 6 of 8

None at this time.

## XVI. Expedited Schedule

The case is not suitable for expedited procedures.

## XVII. Scheduling

Plaintiff's Position

****** *No Opposition to Scheduling*

Defendant's Position

Defendant proposes that sufficient time be permitted for the parties to engage in ADR, discovery and dispositive motions, before trial. Defendant proposes the following schedule:

 a. Discovery cut-off:           February 2008

 b. Dispositive motion hearing cut off:    April 2008

 c. Pretrial Conference:         April 2008

 d. Trial:               June 2008

## XVIII. Trial

Plaintiff's position: ****** *No Opposition to This Part*

Defendant anticipates trial will take 1 day.

## XIX. Disclosure of Non-party Interested Entities or Persons

NETFLIX, INC. states that the following non-party may have an interest in the outcome:
Volt Information Sciences, Inc.
Corporate Headquarters
560 Lexington Avenue, 15th Floor
New York, NY 10022

(Volt Informational Sciences, Inc. is a temporary staffing agency who was Plaintiff's actual employer.)

Dated: September 25, 2007

By: /s/ Louis Guerra
Louis Guerra, Jr.
*Plaintiff Pro Se*

Dated: November 20, 2007

Respectfully Submitted,

JACKSON LEWIS LLP

By: _____/s/_____
Bradley W. Kampas
Cara Ching-Senaha
*Attorneys for Defendant*
NETFLIX, INC.

7

JOINT CASE MANAGEMENT CONFERENCE STATEMENT   Case No. C-07-3343 MJJ

## CERTIFICATE OF SERVICE

Case Name:   Guerra v. Netflix.
Case No.:    USDC-ND; CV07-3343 MJJ

I, Cheryl K. Baltru, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On November 26, 2007, I served the attached *AMENDED* JOINT CASE MANAGEMENT CONFERENCE STATEMENT in this action by placing a true and correct copy thereof, enclosed in sealed envelopes addressed as follows:

Louis Guerra, Jr.
1533 Foxdale Court
San Jose, CA 95122

*Plaintiff Pro Se*

[X]   BY MAIL: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]   BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the above address.

[ ]   BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ ]   BY FACSIMILE: I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 26, 2007, at San Francisco, California.

_____
Cheryl K. Baltru