1  Louis Guerra, Jr.
   1533 Foxdale Court
2  San Jose, CA 95122
   Telephone: (408) 550-5106
3  *Plaintiff Pro Se*

4

5  Bradley Kampas, State Bar No. 111639
   Cara Ching-Senaha, State Bar No. 209467
6  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
7  San Francisco, California 94105
   Telephone: (415) 394-9400
8  Facsimile: (415) 394-9401
   *Attorneys for Defendant*
9  NETFLIX, INC.

**IT IS SO ORDERED AS MODIFIED**
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS GUERRA, JR., <br><br> Plaintiff, <br><br> v. <br><br> NETFLIX, <br><br> Defendant. | Case No. C-07-3343 JW <br><br> **ORDER VACATING THE COURT'S NOVEMBER 28, 2007 SCHEDULING ORDER; REFERRING THE PARTIES TO MAGISTRATE JUDGE SEEBORG FOR AN EARLY SETTLEMENT CONFERNECE** |

1

JOINT STIPULATION AND ORDER TO CONTINUE THE COURT'S 11/28/2007 SCHEDULING ORDER; ORDER
Case No. C-07-3343 JW

Plaintiff Pro Se Louis Guerra, Jr. and Defendant Netflix, Inc. (collectively referred to herein as "the Parties") hereby stipulate to the following continuances in light of the following circumstances, as follows:

1. Prior to November 28, 2007, the Parties jointly requested a teleconference with the Court's ADR office in order to discuss their agreement to participate in an early settlement conference ("ESC");

2. On the morning of November 28th, the Parties participated in a teleconference with the Court's ADR office. At that time, the Parties requested that an ESC be held as soon as possible. However, the Parties were informed that in all likelihood an ESC would not be convened until sometime in mid- to late-January 2008, due to the holiday season and the magistrate judge's availability;

3. Prior to, and again on, November 28, 2007, the Parties agreed to suspend all discovery until after an ESC is held. Prior to, and again on, November 28th, the Parties requested that all discovery and motions deadlines follow the ESC in this case;

4. Following the teleconference with the Court's ADR office, the Court issued a Scheduling Order, attached hereto as <u>Exhibit A</u>. Under the terms of the Scheduling Order, various discovery and motions deadlines will occur before an ESC can be convened. Under the Scheduling Order, the parties also would be required to engage in discovery immediately in order to comply with various discovery deadlines; and

5. The Parties respectfully request that the Court amend the November 28, 2007 Scheduling Order as follows:

   i. Continue by no less than four (4) months all relevant dates, including dates by which the Parties shall complete expert discovery, complete non-expert discovery, and file dispositive and non-dispositive motions; and

6.     The Parties envision that such an amendment would provide sufficient time to engage in discovery after an ESC is held, if necessary.

IT IS SO STIPULATED.

Respectfully Submitted,

Dated: December 6, 2007

By: /s/ Louis Guerra
Louis Guerra, Jr.
*Plaintiff Pro Se*

Dated: December 5, 2007      JACKSON LEWIS LLP

By: /s/
Bradley W. Kampas
Cara Ching-Senaha
*Attorneys for Defendant*
NETFLIX, INC.

H:\N\Netflix Inc-Guerra (114259)\Guerra (114259)\Pleadings\Stipulation and Order to Continue Scheduling Order CMC 120507.doc

---

3

JOINT STIPULATION AND ORDER TO CONTINUE THE COURT'S 11/28/2007 SCHEDULING ORDER
Case No. C-07-3343 JW

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| Louis Guerra Jr., | No. C 07-03343 JW |
|---|---|
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| Netflix, Inc., | |
| Defendant. | |

Upon filing, this case was scheduled for a case management conference on December 3, 2007. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement and Proposed Order. Based on their joint submission, it appears that a schedule for the case can be set without the necessity of an appearance at this time. Accordingly, **the case management conference is vacated** and the parties are ordered to comply with the following schedule:

### CASE SCHEDULE

| | |
|---|---|
| **Close of All Discovery (¶ 9)** | **February 4, 2008** |
| **Last Date for Hearing Dispositive Motions (¶ 10)** *(60 days before Preliminary Pretrial Conference)* | **April 7, 2008** |
| **Preliminary Pretrial Conference at 11 a.m. (¶ 12)** | **June 9, 2008** |
| **Preliminary Pretrial Conference Statements (¶ 11)** *(Due 10 days before conference)* | **May 30, 2008** |
| **Deadline for parties to contact Court's ADR Program to discuss an appropriate ADR process for this case (¶ 15)** *(15 days after the date of this Order)* | **December 15, 2007** |

None of the dates set in this order may be changed without an order of the court made after a motion is duly filed and made pursuant to the local rules of this court.

### Standing Order to Lodge Printed Copy of "ECF" Papers

1. In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the Chambers of Judge James Ware." The "Chamber's Copy" envelop must state the case name and case number and be delivered on or before the close of the next court day following the day the papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

### Compliance with Discovery Plan and Reference to Magistrate Judge

2. The Court adopts the Discovery Plan proposed by the parties in their Joint Case Management Statement. The parties are ordered to comply with the discovery plan. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

### Document Management During Pretrial Discovery and Electronic Evidence Presentation

3. This Court has available a digital and video electronic evidence presentation system. Before commencement of pretrial discovery, the parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on

2

a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

### Disclosure of Expert Witnesses

4.      Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed.R.Civ.P. 26(a)(2)(B) **63 days before close of discovery.** Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

5.      The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

6.      Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND MOTION DAY) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff date at 9:00 a.m.

### Rebuttal Expert Witnesses

7.      If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than **49 days prior to discovery cutoff.**

### Limitation on Testimony by Expert Witnesses

8.      Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which

3

expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### Close of Discovery

9. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of fact witness and expert witnesses, must be completed on or before the deadline set forth in the Case Schedule above.

### Last date for Hearing Dispositive Motions

10. The last day for hearing dispositive motions is set forth in the Case Schedule above. Any motions must be noticed in accordance with the Civil Local Rules of this Court.

### Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

11. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial.

12. The attorneys who will try the case are ordered to appear on the date set in the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

13. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

14. With respect to the calendar period for trial, based on the time allotted to the case, a calendar period for trial will be set. In the event it becomes necessary to delay the start of trial because of the Court's calendar, the commencement date will trail from day-to day until the other matter is concluded or further order of the Court.

//

4

**Alternative Dispute Resolution**

15. The parties are referred to the Court's ADR Program at (415) 522-2199. No later than the deadline set forth in the <u>Case Schedule</u>, the parties shall contact the ADR Program to schedule a conference.

Dated: November 28, 2007

                                           *James Ware*
                                           JAMES WARE
                                           United States District Judge

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Bradley W. Kampas kampasb@jacksonlewis.com
Cara Mei Kam Ching-Senaha ching-senahac@jacksonlewis.com

Louis Guerra
1533 Foxdale Ct.
San Jose, CA 95122

Dated:  November 28, 2007                    Richard W. Wieking, Clerk

                                             By:  /s/ JW Chambers
                                                  **Elizabeth Garcia**
                                                  **Courtroom Deputy**

6

## ORDER

Pursuant to the Parties' Stipulation, attached hereto, and finding GOOD CAUSE therefore: the Court VACATES its November 28, 2007 Scheduling Order. Based on the parties' expressed desire for an Early Settlement Conference with a Magistrate Judge, the Court refers the parties to Judge Seeborg. The parties shall contact Judge Seeborg's Chambers within ten (10) days from the date of this Order to schedule the settlement conference. The Court will set a new Case Management Conference date once Judge Seeborg's Chambers post the date of the settlement conference.

Dated: December 6, 2007

_____
JAMES WARE
United States District Court

## CERTIFICATE OF SERVICE

Case Name: Guerra v. Netflix.
Case No.: USDC-ND; CV07-3343 JW

I, Cheryl K. Baltru, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On December 6, 2007, I served the attached **JOINT STIPULATION TO CONTINUE THE COURT'S 11/28/2007 SCHEDULING ORDER; ORDER** in this action by placing a true and correct copy thereof, enclosed in sealed envelopes addressed as follows:

Louis Guerra, Jr.
1533 Foxdale Court
San Jose, CA 95122
*Plaintiff Pro Se*

[X]  BY MAIL: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]  BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the above address.

[ ]  BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ ]  BY FACSIMILE: I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 6, 2007, at San Francisco, California.

_____
Cheryl K. Baltru